UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LESLIE HINES
                                      CIVIL ACTION

VERSUS
                                      NUMBER 14-183-BAJ-SCR

WAL-MART STORES, INC., ET AL

### ORDER TO AMEND NOTICE OF REMOVAL

Defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc., removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendants alleged in their Notice of Removal that the plaintiff is a Louisiana citizen ("she is domiciled in the Parish of Livingston, State of Louisiana").[1] As to the defendants' citizenship, in the Notice of Removal the defendants alleged as follows:

> Defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, reside and are domiciled of the State of Arkansas with their principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores, Inc. are owned by Wal-Mart Stores, Inc., which is a Delaware Corporation with its principal place of business in Bentonville, Arkansas. Likewise, Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas.[2]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in

---

[1] Record document number 1, ¶ 10.

[2] *Id.*, ¶ 9.

accordance with § 1332(a) and (c).[3]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[4]  Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and ©).[5]

Defendants' jurisdictional allegations as to defendant Wal-Mart Louisiana, LLC are not sufficient to establish diversity jurisdiction. Because the defendant is a limited liability company, the state where it is organized and where it has its principal place of business does not determine its citizenship.

---

[3] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[5] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership.  *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

Defendants' deficient jurisdictional allegations are particularly troubling since court pointed out these identical deficiencies to the same defendants in another case, in which the Notice of Removal was filed by the same attorney.[6]  It is clear that the attorney knows how to properly alleged the citizenship of a limited liability company, particularly defendant Wal-Mart Louisiana, LLC, since she did so in an earlier case.[7]

Therefore;

IT IS ORDERED that defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. shall have 14 days to file an Amended Notice of Removal which properly alleges the citizenship of defendant Wal-Mart Louisiana, LLC.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, March 28, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] *Wood v. Wal-Mart Lousisiana, LLC*, CV 13-601-JJB-SCR (M.D.La. 2013), record document number 3, Order to Amend Notice of Removal. The jurisdictional allegations as to the defendants in that case are nearly identical to those in this case.

[7] *Polito v. Wal-Mart Louisiana, LLC,* CV 13-518-SDD-RLB (M.D.La. 2014), record document number 1, Notice of Removal, ¶ 9.