UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LESLIE HINES                                CIVIL ACTION

VERSUS                                      NUMBER 14-183-BAJ-SCR

WAL-MART STORES, INC., ET AL.

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 9, 2014.

                                                    STEPHEN C. RIEDLINGER
                                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LESLIE HINES                                    CIVIL ACTION

VERSUS                                          NUMBER 14-183-BAJ-SCR

WAL-MART STORES, INC., ET AL.

### **MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Leslie Hines. Record document number 7. The motion is opposed.[1]

For the reasons which follow, the plaintiff's motion should be denied.

Plaintiff filed a Petition for Damages in state court against defendants Wal-Mart Stores, Inc. and Wal-Mart Louisiana, L.L.C. to recover damages resulting from a slip and fall that occurred on March 11, 2013 in a Wal-Mart store located in Denahm Springs, Louisiana. Plaintiff alleged that she suffered "general and specific damages and losses including, but not limited to, severe neck and back pain and injury, anxiety[,] as well as past and future medical expenses."[2]

Defendants removed the case to this court, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of

---

[1] Record document number 10.

[2] record document number 1-2, p. 2.

citizenship.[3] Defendant argued that the required jurisdictional amount is established by the allegations in the petition and the plaintiff's pre-suit settlement demand of $100,000.

Plaintiff moved to remand and argued it is not facially apparent from the petition that the amount in controversy is greater than $75,000. Plaintiff asserted that the defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Plaintiff argued that her post-removal amendment to the petition stating that the damages do not exceed $75,000 demonstrates that the defendants can not satisfy their removal burden.[4] Plaintiff also argued that the defendants' post-suit settlement offer of $6,000 shows that they do not believe the plaintiff's damages exceed the jurisdictional amount.[5]

---

[3] Defendant alleged citizenship as follows: plaintiff is a citizen of Louisiana, defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and defendant Wal-Mart Louisiana, L.L.C. is a Delaware limited liability company that is a citizen of Delaware and Arkansas. Record document number 3, Amended Notice of Removal, ¶ 9. Diversity of citizenship is not disputed.

[4] Record document number 6, Amended Complaint of Intervention, ¶ 5. Plaintiff alleged, "Ms. Hines' damages do not exceed $75,000.00." The Amended Complaint of Intervention is neither signed nor verified by the plaintiff.

[5] Record document number 7-2, Affidavit of James G. Knipe, III and attached email.

**Applicable Law**

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B). This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages.[6] Therefore, in the Fifth Circuit for cases removed from Louisiana courts, the established a framework for resolving disputes over the amount in controversy is as follows. The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one

---

[6] Louisiana Code of Civil Procedure Article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit - which support finding that the required amount is present. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[7]

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is

---

[7] *See, Washington-Thomas v. Dial America Marketing, Inc.*, No. 12-340, 2012 WL 5287043 (W.D.Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.,* No. 12-1391, 2012 WL 5332998 (E.D.La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages).

ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

**Analysis**

It is not facially apparent from the plaintiff's petition that her claims exceed $75,000, exclusive of interest and costs. Plaintiff's allegations concerning her damages are generic and provide only a limited description of the injuries she allegedly sustained. Consequently, post-removal affidavits may be considered.

To establish the jurisdictional amount, the defendants relied on the plaintiff's settlement demand made 48 days prior to filing suit to demonstrate that the plaintiff is seeking damages in excess of $75,000.[8] In a letter dated January 17, 2014, which was about 10 months after the accident, the plaintiff offered to settle for her claims for $100,000. She stated that she suffered from injuries for six months and that for the first two weeks after the

---

[8] Record document number 1-4, Notice of Removal, Exhibit C.

fall she had "a type of whip lash" and was disoriented. She also indicated that she was treated by a pain management physician and a chiropractor.

This letter indicated the plaintiff's belief, presumably held in good faith, that she was entitled to recover for serious injuries. Plaintiff filed suit, with counsel, on March 6, 2014. There is no evidence that the plaintiff ever reduced her settlement demand afer suit was filed and before the removal.

To contradict this evidence, after the removal the plaintiff amended her petition to include an allegation stating that her "damages do not exceed $75,000." Nonetheless, under Louisiana law the plaintiff's recovery in state court is not limited by such an allegation, and the language used did not affirmatively waive her right to a judgment in excess of the jurisdictional amount.[9] While the plaintiff's allegation is relevant in determining an ambiguous jurisdictional amount, it is considered in light of other evidence.[10]

Plaintiff also provided a March 18, 2014 settlement offer of $6,000 made by the defendant. Counsel who made the offer noted the plaintiff's age, that she is disabled and suffers from a pre-

---

[9] *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 389 (5th Cir. 2009).

[10] *See*, *In re 1994 Exxon Chemical Fire*, 558 F.3d at 388; *In re FEMA Trailer Formaldehyde Products Liability Litigation*, No. 10-4120, MDL 07-1873, 2012 WL 1204734, 3 (E.D.La. Apr 11, 2012).

6

existing condition, and her medical bills resulting from the fall were less $2,000 at that time.[11] There is no evidence that the plaintiff ever responded to this settlement offer.

Defendants' arguments and evidence in support of removal are persuasive. At the time of removal the allegations in the plaintiff's petition regarding her injuries and damages were vague, and she did not include an allegation that her claim was for less than the amount needed to support federal court jurisdiction. Neither did the plaintiff file with her petition a binding stipulation limiting her damages to less than $75,000. Plaintiff did not contend, and nothing in the record suggests, that the failure to include such an allegation or stipulation was simply an inadvertent oversight. At the time of removal the plaintiff had made a pre-suit settlement demand of $100,000 just 48 days before suit was filed. Plaintiff does not contend that her injuries or damages changed in any material way between her settlement demand and the date suit was filed, and her demand was not reduced after suit was filed and before removal.

Defendants produced evidence sufficient to show by a preponderance that the amount in controversy exceeded the jurisdictional threshold at the time suit was filed and at the time of removal. Plaintiff has not shown to a legal certainty that the

---

[11] Record document number 7-2, p.2. Counsel for the defendants in this case did not make this settlement offer.

amount in controversy does not exceed $75,000.  Thus, the defendants established that removal under § 1332 was proper.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, June 9, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE